UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL HONORABLE #734237,

    Plaintiff,                                Hon. Robert J. Jonker

v.                                                  Case No. 1:17-cv-524

MARGARET OUELLETTE, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 25), and <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that these motions be **granted** and this action **terminated**.

**BACKGROUND**

       The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On July 16, 2015, Plaintiff "suffered a cut on his left foot." Plaintiff reported to Health Care Services where Registered Nurse Randy Lindstrom "applied a band-aid to Plaintiff's injury." Later that day, Plaintiff noticed that his injury was "discolored" and draining blood and fluid. Plaintiff's request to return to Health Care Services was denied on the ground that he had been treated earlier that day.

       Over the course of the next several weeks, Plaintiff submitted "numerous" requests for medical treatment all of which were denied by Nurse Lindstrom on the ground that Plaintiff's injury was "not serious." Plaintiff subsequently requested treatment from Registered Nurses Hope Peeks and Dianna Earl, both of whom denied Plaintiff's request, instructing him to instead submit a formal

-1-

request for medical treatment. On August 12, 2015, a prison official observed Plaintiff's injury and "became alarmed" at the severity of such. Plaintiff was taken to Health Care Services where he was given antibiotic medication which "ultimately proved medically ineffectual." Soon thereafter, Plaintiff was transferred to a different correctional facility where he received appropriate treatment.

Plaintiff initiated this action against Randy Lindstrom, Hope Peeks, Dianna Earl, Kyle Sperling, and Margaret Ouellette alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. Defendants now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is

susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Defendants' Motions for Summary Judgment**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her

control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants have submitted copies of three grievances which Plaintiff pursued through all three steps of the prison grievance process during the relevant time period. (ECF No. 26-2 at PageID.97-115). Defendants have also identified a fourth grievance which Plaintiff did not initiate until after the commencement of the present action. (ECF No. 30-1 at PageID.165). This latter grievance cannot serve to exhaust any of Plaintiff's claims because Plaintiff initiated the present action before filing this particular grievance. *See, e.g., Sango v. LeClaire*, 2017 WL 3912618 at *2 (6th Cir., May 23, 2017) (because exhaustion is "a precondition to filing an action in federal court, a prisoner may not exhaust administrative remedies during the pendency of the federal suit").

Plaintiff has not asserted that he pursued any other grievances through all three steps of the prison grievance process during the relevant time period. As discussed below, none of the aforementioned grievances serve to exhaust any of Plaintiff's claims.

### A.     Grievance IBC-16-03-0712-27z

Plaintiff initiated this grievance on March 16, 2016, alleging that the facility's ventilation system was deficient. (ECF No. 26-2 at PageID.104). This grievance does not concern any of the claims or allegations contained in Plaintiff's complaint.

### B.     Grievance IBC-16-01-03-18-21c

Plaintiff initiated this grievance on February 2, 2016, challenging his institutional placement and security level. (ECF No. 26-2 at PageID.109). This grievance does not concern any of the claims or allegations contained in Plaintiff's complaint.

### C.     Grievance LCF-15-09-0818-28e

Plaintiff initiated this grievance on September 14, 2015, alleging that he did not receive appropriate medical treatment after cutting his foot on July 16, 2015. (ECF No. 26-2 at PageID.113). Plaintiff's grievance was rejected as untimely filed. (ECF No. 26-2 at PageID.113). While Plaintiff pursued the matter through all three steps of the grievance process, the rejection of his grievance on timeliness grounds was affirmed at all three steps. (ECF No. 26-2 at PageID.111-15). Plaintiff has neither challenged this determination nor presented evidence suggesting this determination was erroneous. Accordingly, this grievance does not exhaust any of the claims in Plaintiff's complaint.

As discussed herein, Defendants have submitted evidence establishing that Plaintiff failed to properly exhaust any of the claims asserted in his complaint. Plaintiff has submitted no evidence to the contrary. Instead, Plaintiff argues that he is exempt from the exhaustion requirement

because he was experiencing a "medical emergency." (ECF No. 32 at PageID.192-94). There does not, however, exist a "medical emergency" exception to the PLRA's exhaustion requirement. *See, e.g., Boulding v. Michigan Department of Corrections*, 2015 WL 136195 at *2-3 (E.D. Mich., Jan. 6, 2015) ("the PLRA does not contain an exception to the exhaustion requirement for 'exigent circumstances,' be they medical exigencies or otherwise"). Accordingly, the undersigned recommends that Defendants' motions for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 25), be granted; <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 30), be **granted**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 24, 2018   /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge